UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY THOMAS, JR., | No. 1:20-cv-01409-NONE-JLT (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE |
| v. | |
| SUTTON, Warden, | (Doc. Nos. 1, 9) |
| Respondent. | |

Petitioner Bobby Thomas, Jr. is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his denial of parole by the California Board of Parole Hearings and alleges that the California Department of Corrections and Rehabilitation is failing to adequately protect him from the coronavirus. (*Id.* at 5–7.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(C) and Local Rule 302.

On October 19, 2020, the magistrate judge issued findings and recommendations recommending that the pending petition be dismissed for failure to state a cognizable ground for relief. (Doc. No. 9.) First, petitioner alleges his due process rights were violated but he was given an opportunity to be heard and was provided a statement of reasons for why his parole was

denied. (*Id.* at 2.) Second, petitioner's claim that he is not being adequately protected from the coronavirus is not a cognizable claim for federal habeas relief. (*Id.* at 2–3.) These findings and recommendations were served upon all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. To date, no party has filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendation are supported by the record and proper analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court DECLINES to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations, filed October 19, 2020 (Doc. No. 9), are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

3. The court DECLINES to issue a certificate of appealability; and

4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: __**January 8, 2021**__  _____
UNITED STATES DISTRICT JUDGE